IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROY STAFFORD                                                                            PLAINTIFF

V.                                           CASE NO. 2:11-CV-00242-KS-MTP

RON KING, HUBERT DAVIS,
AND LAURA TILLEY                                             DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether the Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted an omnibus hearing on the issues, the undersigned is of the opinion that this case should be dismissed for the reasons provided below.

### FACTUAL BACKGROUND

Plaintiff Roy Stafford, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on December 6, 2011, alleging that the defendant prison officials denied him access to the court and discriminated against him based on his disability. Stafford's claims arise from events which took place while he was a post conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. He is currently housed at Mississippi State Penitentiary ("MSP") in Parchman, Mississippi. All defendants are employed at SMCI. Ron King is the Superintendent; Hubert Davis is the Area II Warden; and Laura Tilley works in the Legal Assistance Programs unit at the prison. Answer [19].

1

On April 23, 2013, the Court conducted a *Spears*[1] hearing to determine which claims the Plaintiff intended to pursue in this lawsuit. At the hearing, Mr. Stafford testified that he suffers from muscular dystrophy, a condition that he claims slows down his handwriting ability and fine motor skills. Stafford also testified that he suffers from muscle spasms and tires easily as a result of the condition. However, he is able to feed himself and perform other daily functions.

As to his claims against the Defendants, Stafford alleges that he was denied access to a typewriter while he was incarcerated at SMCI. Stafford alleges that he owned two typewriters, but that the Defendants would not allow him to use the typewriters. He asserts that his muscular dystrophy hinders his ability to write legibly and that by not allowing him to use a typewriter, the Defendants hindered him from preparing court documents and completing other forms. Stafford admits that he was never prevented from filing documents with this Court, but complains that it often took him several hours to write pleadings and motions. He asserts that the Defendants did not allow any inmates at SMCI to access or use typewriters and that their actions violate MDOC policy.

After the filing of this lawsuit, Stafford was transferred to MSP where he is allowed to use a typewriter. Both of Stafford's claims (disability discrimination and denial of access to courts) arise from his being denied access to a typewriter at SMCI. Although this issue appears to be in large part moot, the Plaintiff wishes to pursue this lawsuit and argues that "something" should happen to the Defendants for discriminating against him and hindering his access to courts.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also, Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (allegations made by a plaintiff during a *Spears* hearing supercede the claims alleged in the complaint).

## DISCUSSION

In light of the Plaintiff's *in forma pauperis* status, this Court has the authority pursuant to 28 U.S.C. § 1915(e)(2)(B) to dismiss the complaint in whole or in part if it determines that any claim is "frivolous or malicious" or if the Plaintiff "fails to state a claim on which relief may be granted." A claim may be dismissed as frivolous if it has no arguable basis in fact or law. *Gonzales v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). In this cause of action, Mr. Stafford claims that the Defendants violated his First Amendment right of access to the courts and violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, by discriminating against him based on his disability. The Court will evaluate the Plaintiff's claims and determine whether he failed to state a claim upon which relief may be granted and/ or whether any of his claims are frivolous.

Prisoners have a constitutional right of access to the courts which allows them to bring "contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 2182, 135 L.Ed. 2d 606 (1996). However, "the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). An inmate alleging denial of this right must show a "relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). That is, the inmate must "allege that his ability to pursue a nonfrivolous, arguable legal claim was hindered." *Id*. (internal quotation marks omitted). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint just as much as allegations must describe the official acts frustrating the litigation." *Christopher*

*v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187, 153 L.Ed. 2d 413 (2002). Courts only provide relief to inmates "who have suffered, or will imminently suffer, actual harm..." *Lewis*, 518 U.S. at 349.

Stafford claims that his right of access to the courts was violated when the Defendants would not let him use a typewriter to prepare pleadings and other documents in this case. However, as shown by the Plaintiff's testimony at the omnibus hearing, he did not suffer an actual injury because the Defendants' actions did not cause him to miss case deadlines or result in his case being dismissed. The Constitution only requires that prisoners "be able to present their grievances to the courts." *Lewis,* 518 U.S. at 360. Here, Stafford has been given that opportunity–his grievances concerning access to a typewriter are presently before this Court. He does not identify any claim that has been compromised in any way.

It appears that the only possible injury Stafford is alleged to have suffered is that he had to handwrite his pleadings and motions. Although it might have been inconvenient for the Plaintiff to complete forms and prepare court documents by hand, that inconvenience does not necessarily constitute an actual injury to support a claim for denial of access to the courts. *See Chriceol v. Phillips,* 169 F.3d 313, 316 (5th Cir. 1999) (plaintiff could not demonstrate that withholding access to his prison account caused him to suffer an actual injury because the filing fee was paid and his complaint was successfully filed); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (inmate failed to show actual injury for a denial of access to the court claim where he only asserted that his legal mail was opened and read outside of his presence and without his consent); *Tubwell v. Griffith*, 742 F.2d 250, 252 (5th Cir. 1984) (court rejected inmate's claim that the leg and waist restraints placed on him hindered his ability to pursue

litigation because the inmate could not show that his efforts in preparing for his lawsuit were effectively impeded); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998) ("without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim"); *See Harbury*, 536 U.S. at 418 (plaintiff failed to allege an actual injury where his complaint did not identify the underlying cause of action that had been compromised by the defendants' wrongful conduct, thereby leaving the district court to guess at what the unstated cause of action was and what remedy the plaintiff sought).

To secure relief, the Plaintiff must demonstrate actual injury. *Lewis,* 518 U.S. at 351-53 (plaintiff lacked standing to pursue an access to courts claim because he did not show that an injury resulted from the alleged violation). Because he does not allege that he suffered a "relevant, actual injury" stemming from the Defendants' conduct, the Plaintiff fails to make a valid claim for denial of access to courts. This claim should be dismissed.

The Court next considers the Plaintiff's claim that the Defendants discriminated against him by failing to make reasonable accommodations for his disability. To make a claim for relief under Title II of the ADA, the Plaintiff must allege: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Prison programs fall within the scope of Title II, which prohibits discrimination in services, programs, or activities of a public entity. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S.Ct. 1952, 1954, 141 L.Ed.. 2d 215 (1998) (holding that state prisons fall within Title II's statutory definition of "public entity"). "Major life activities refer to those activities

that are of central importance to most people's everyday lives." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). Substantially limiting means being unable to "perform a major life activity that the average person in the general population can perform, or [being] significantly restricted in the ability to perform it." *EEOC v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 614 (5th Cir. 2009); *see* 29 CFR § 1630.2(j).

As to the first element, Stafford alleges that his muscular dystrophy is a disability which substantially limits his motor skills and handwriting ability. The Plaintiff's testimony at the omnibus hearing, however, is that he is able to perform daily life functions such as the ability to feed and clean himself. In order for the Plaintiff to show that he has a disability under ADA standards, as amended, he must allege that he has: "a physical or mental impairment that substantially limits one or more major life activities...; a record of such an impairment" or that he has been "regarded as having such an impairment." 42 U.S.C. §12102. Major life activities include caring for oneself, performing manual tasks, learning, communicating, etc. *Id*.[2]

Although there is no Fifth Circuit authority supporting the proposition that writing is a "major life activity," this Court will interpret the Plaintiff's condition as one that affects his ability to communicate. *See* 42 U.S.C. § 12102(2) (providing that major life activities include, but are not limited to caring for oneself, learning, concentrating, thinking, communicating, working, and the operation of major bodily functions such as brain function); 29 CFR § 1630.2(j)(1)(I) (instructing courts to construe the term "substantially limits" broadly; *see also*

---

[2]Stafford complains of discomfort in writing and prolonged periods of time in preparing court documents. He has been transferred to a facility where he now has access to typewriters, but he continues to file handwritten documents with the Court. Indeed, the Plaintiff has only filed three typewritten documents in this case. *See* Letters [31][40] and Notice of Change of Address [21]. It should also be noted that all of Stafford's handwritten documents filed with the Court have been clear and legible.

6

*Griffin v. United Parcel Service, Inc.*, 661 F.3d 216, 222 (5th Cir. 2011) (plaintiff asserted that his diabetic condition substantially limited his major life activity of eating); *EEOC v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 614 (5th Cir. 2009) (plaintiff's chronic fatigue syndrome substantially limited her major life activities of sleeping, thinking, and caring for herself). Therefore, under this interpretation, Stafford satisfies the first element of an ADA claim: that he has a qualifying disability.

As to the second element, the Plaintiff fails to allege enough facts for the Court to infer that he was denied a benefit or service for which a public entity is responsible. Prison programs and services fall within the scope of Title II. A public entity is required to "furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity." 28 C.F.R. § 35.160(b)(1). "In determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with disabilities." 28 C.F.R. § 35.160(b)(2). In this case, the Plaintiff claims the defendant prison officials did not allow Stafford to access or use any typewriter while he was incarcerated at SMCI. It is unclear whether SMCI owned any typewriters for prisoner use. However, Stafford was never denied access to the courts nor denied the benefit of any public program or service.[3] Therefore, he does not satisfy the second element of an ADA claim.

As to the third element, the Plaintiff must allege facts which demonstrate that the

---

[3]Despite his alleged disability, the Plaintiff has been provided an opportunity to prepare and file pleadings and other documents with the Court. At the hearing, the Plaintiff made references that he did not want to fill out medical requests and other forms by hand. However, even in those instances, he testified that he was accommodated by prison staff and ultimately was not denied access to benefits and services offered at SMCI.

Defendants discriminated against him because of his disability. Stafford testified at the *Spears* hearing that Ron King did not allow any prisoners at SMCI to use or access typewriters. Based on this testimony, it appears that the Defendants were banning the use of typewriters entirely at SMCI rather than singling out Mr. Stafford and/ or other inmates with disabilities. Stafford does not allege any facts to demonstrate that the Defendants denied him access to a typewriter because he had muscular dystrophy or any other medical condition. Without question, Mr. Stafford may have benefitted from being allowed access to typewriters at SMCI. The Defendants' refusal may have caused him to suffer an inconvenience or to become frustrated. However, to establish an ADA violation, the Plaintiff must show, in addition to the other two elements, that he was discriminated against because of his disability. *See Stewart v. Waco Indep. Sch. Dist.*, 711 F.3d 513, 518 (5th Cir. 2013); *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

This case does not involve a plaintiff who was denied an accommodation that prevented him from being able to perform a major life activity. *See Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998) (due to prison's failure to accommodate a disabled inmate who was unable to shower without a chair, inmate was unable to bathe for several months). Despite not having access to a typewriter at SMCI, Stafford is still able to prepare and submit court documents and prison forms. "The ADA provides a right to reasonable accommodation, not...preferred accommodation." *E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 471 (5th Cir.2009).

Stafford has not provided sufficient facts which demonstrate that he was denied access to programs or services, that he was discriminated against because of his disability, or that the Defendants failed to provide him a reasonable accommodation for his muscular dystrophy. To

the extent he alleges that the Defendants violated their own policy regarding typewriters, he has not stated a constitutional violation. *See Hernandez v.* Estelle, 788 F.2d 1154, 1158 (5th Cir.1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation). Therefore, having reviewed the complaint and having construed all well pleaded facts in the Plaintiff's favor, it appears that the Plaintiff has not stated a valid claim for violation of the ADA or for denial of access to the courts. Accordingly, this matter is ripe for dismissal under §1915(e)(2)(B).

## RECOMMENDATION

In light of the above analysis, the Plaintiff fails to state a claim for denial of access to the court and for disability discrimination. Therefore, the undersigned recommends that this case be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) and that the dismissal count as a strike under § 1915(g).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

SO ORDERED, this the 5th day of June, 2013.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE