IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROY STAFFORD

VS.                                                                        CIVIL ACTION NO. 2:11cv242-KS-MTP

RON KING, HUBERT DAVIS,
AND LAURA TILLEY

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Report and Recommendation [41] of Magistrate Judge Michael T. Parker, together with Objection thereto [47] filed by plaintiff Roy Stafford, and the Court has considered said documents, together with the pleadings herein and the record, and being fully advised in the premises finds that the Report and Recommendation should be adopted and made a part of this Court's Order for the following reasons:

1. FACTUAL BACKGROUND

Plaintiff Roy Stafford, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on December 6, 2011, alleging that the defendant prison officials denied him access to the court and discriminated against him based on his disability. Stafford's claims arise from events which took place while he was a post conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. He is currently housed at Mississippi State Penitentiary ("MSP") in Parchman, Mississippi. All defendants are employed at SMCI. Ron King is the Superintendent; Hubert Davis is the Area II Warden; and Laura Tilley works in the Legal Assistance Programs unit at the prison. Answer [19].

On April 23, 2013, the Court conducted a *Spears*[1] hearing to determine which claims the Plaintiff intended to pursue in this lawsuit. At the hearing, Mr. Stafford testified that he suffers from muscular dystrophy, a condition that he claims slows down his handwriting ability and fine motor skills. Stafford also testified that he suffers from muscle spasms and tires easily as a result of the condition. However, he is able to feed himself and perform other daily functions.

As to his claims against the Defendants, Stafford alleges that he was denied access to a typewriter while he was incarcerated at SMCI. Stafford alleges that he owned two typewriters, but that the Defendants would not allow him to use the typewriters. He asserts that his muscular dystrophy hinders his ability to write legibly and that by not allowing him to use a typewriter, the Defendants hindered him from preparing court documents and completing other forms. Stafford admits that he was never prevented from filing documents with this Court, but complains that it often took him several hours to write pleadings and motions. He asserts that the Defendants did not allow any inmates at SMCI to access or use typewriters and that their actions violate MDOC policy.

After the filing of this lawsuit, Stafford was transferred to MSP where he is allowed to use a typewriter. Both of Stafford's claims (disability discrimination and denial of access to courts) arise from his being denied access to a typewriter at SMCI. Although this issue appears to be in large part moot, the Plaintiff wishes to pursue this lawsuit and argues that "something" should happen to the Defendants for discriminating against him and hindering his access to courts.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also, Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (allegations made by a plaintiff during a *Spears* hearing supercede the claims alleged in the complaint).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Magistrate Judge Parker's Report and Recommendation is a logical analysis of a case that he recommends for dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  While the Objection filed by petitioner makes some effort to address the Report and Recommendation, most of his complaints are about the problems caused by his current muscular dystrophy condition and about the everyday challenges that people face while incarcerated.   While this Court is in sympathy with the documented disabilities of petitioner, the state prison officials are required to house him in a constitutionally sufficient manner, but not to give him special considerations other than those required by the Constitution and statutes of the state and nation.

There are two claims made by the petitioner:  (1) that he was discriminated against because of his disability, and (2) that he was denied access to the courts.  Both of these claims

arise out of his denial of access to a typewriter while at SMCI.  These will be discussed separately:

    1.    Denial of access to the courts.

In order to prevail, he must show that he suffered an actual injury.  The status of this litigation clearly shows that he has not been denied access to the courts.  He has been timely with his pleadings, has not been required to pay a filing fee, has had interaction with the judges in his motion practice in that he has filed motions and had then ruled on, and has generally litigated this case in an appropriate manner.  While it may be true that he had more difficulties because of his disabilities, he was clearly not denied access to the courts.  To prevail on this claim he must show the actual injury which he cannot and has not done.  This claim should be dismissed.

    2.    That he was discriminated against when the prison officials failed to make reasonable accommodations for his disability.

To prevail he must prove the following: (1) that he has a qualifying disability; and (2) that he is being denied the benefits of services, programs or activities for which the public entity is responsible or is otherwise discriminated against by the public entity (SMCI officials); and (3) that such discrimination is by reason of his disability.

The Magistrate Judge went through an analysis of his disability and found that plaintiff did have a qualifying disability.  In the analysis, the Report and Recommendation gives the benefit of the doubt to the plaintiff on this issue, and this Court finds that he in fact does suffer inability to communicate and meets the first prong of the three-prong test.

However, he has not proven that he has been denied the benefits of services, programs or activities, etc. He has participated in litigation even without special accommodations, but the bottom line is that he was never denied access to the courts nor denied any public benefit or service.  He has not satisfied the second prong of the three-prong test.

He also must demonstrate that the defendants discriminated against him because of his disability. No prisoners at SMCI were allowed access to typewriters. The absence of access did not prevent him from filing pleadings. Indeed, most of his pleadings were typed. The ADA provides for reasonable accommodation, not preferred accommodation. *EEOC v. Agro Distrib.,* 555 F.3d 462, 471 (5th Cir. 2009)

Accordingly, this Court finds that the plaintiff has failed to meet two of the three prongs and that he has not established his second claim, and that it should be dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Stafford's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Roy Stafford's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

This dismissal shall count as a strike under 28 U.S.C. §1915(g).

SO ORDERED this, the 11th day of September, 2013.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE